# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| THOMAS FRANCHINI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:18-cv-00015-GZS |
| | ) |
| BANGOR PUBLISHING CO. INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT

Pursuant to Fed R. Civ. P. 4(m), Plaintiff Thomas Franchini requests that the Court provide him an extension of time to serve Defendant Sally Pipes. Although the Court agrees with Defendant Investor's Business Daily that Plaintiff has not shown "good cause" for the length of the delay in service, the Court exercises its discretionary authority to grant an extension.

Under Rule 4(m), where the plaintiff has failed to effect service of the complaint within ninety days of filing, the Court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Advisory Committee Note to the 1993 Amendments states that Rule 4(m) now permits courts to grant extensions even in the absence of good cause. See Thurlow v. York Hosp., No. 2:16-cv-179-NT, 2016 WL 4033110, at *2 (D. Me. July 27, 2016). In deciding whether to grant such relief courts evaluate "a number of factors, *including* whether: (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer ... prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Riverdale Mills Corp. v. U.S. Dep't of Transp., 22 F.R.D. 393, 395 (D. Mass. 2005) (emphasis added) (quoting In re Sheehan, 253 F.3d

507, 512 (9th Cir. 2001)); see Thurlow, 2016 WL 4033110, at *2.  The Court concludes that these factors, supplemented by another relevant consideration, compel an extension.

The first two factors weigh in favor of granting the extension.  It is clear that Defendant Pipes has received actual notice of the lawsuit given that she filed a declaration in support of IBD's Special Motion to Dismiss.  See Riverdale, 22 F.R.D. at 395 (finding actual notice where "action [was] a continuation of the parties' ongoing dispute of which the [unserved defendant was] well aware").  Also, the Court discerns no evidence that an extension would cause Pipes to suffer prejudice "other than the inherent prejudice in having to defend the lawsuit." United States v. Tobins, 483 F. Supp. 2d 68, 80 (D. Mass. 2007) (internal citations and quotations omitted).  As to the third factor, a dismissal would not cause Plaintiff severe prejudice since no statute of limitations has run in this matter.  That said, Plaintiff indicates that if the Court denies this Motion, he will file another action against Pipes.  Given the Court's "inherent authority to manage [its] docket[] . . . with a view toward the efficient and expedient resolution of cases," it concludes that judicial efficiency supports granting the Motion.  Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016).

Therefore, the Court GRANTS Plaintiff's Motion to Extend Time for Service of Complaint (ECF No. 50) as to Sally Pipes.  He shall effect service on Defendant Pipes by April 29, 2019.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 29th day of March, 2019.