## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| THOMAS FRANCHINI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:18-cv-00015-GZS |
| | ) |
| BANGOR PUBLISHING CO. INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER FOLLOWING PRE-FILING CONFERENCE

On May 22, 2020, Defendants filed their Joint Notice Of Intent To File Motion For Summary Judgment And Need For Pre-Filing Conference (ECF No. 116).  Thereafter, Defendants filed their Preconference Memorandum (ECF No. 119) and, upon the completion of Plaintiff's deposition, their Request for a Pre-Filing Conference (ECF No. 122).  On October 5, 2020, the Court held the pre-filing conference by videoconference.  Having considered all of counsel's representations in their filings and at the conference, the Court hereby ORDERS that the following procedure be followed in connection with the to-be-filed motion:

On or before **December 10, 2020**, the parties shall file a joint stipulated record using the "Stipulated Record" event in CM/ECF.  The first page of the Stipulated Record shall consist of a list describing each exhibit submitted.  Each exhibit shall then be clearly labeled and separately attached to this filing.  The Stipulated Record shall include any exhibits and depositions[1] (including any exhibits to the depositions) that both sides anticipate will be referenced in the

---

[1] To the extent any depositions are filed, counsel shall endeavor to ensure that any deposition excerpt is complete and includes all relevant pages.  In the absence of an agreement on what constitutes a complete deposition excerpt, counsel shall include the complete deposition in the joint record.

statements of material fact. The inclusion of any exhibit in the Stipulated Record does not prevent any party from later objecting to the admissibility of the document. Likewise, the submission of a joint record does not prevent either side from submitting additional documents with their respective statements of material fact.

The Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact. The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for the purposes of the to-be-filed summary judgment motion. See D. Me. Local Rule 56(g). Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact. The parties are free to submit any stipulations on or before **December 17, 2020**.

On or before **December 17, 2020**, Defendants shall file their joint motion for summary judgment, as outlined at the conference. The motion for summary judgment shall not exceed twenty-five (25) pages.

On or before **January 14, 2021**, Plaintiff shall file his opposition to the pending motion for summary judgment. This response shall not exceed twenty-five (25) pages.

On or before **January 28, 2021**, Defendants shall file their reply in support of Defendants' motion for summary judgment, which shall not exceed ten (10) pages.

While the Court does not generally schedule oral argument on motions for summary judgment, counsel is free to request oral argument in accordance with Local Rule 7(e). Any such request shall be included in the motion papers or otherwise filed by **January 29, 2021**.

The Court also expects the parties' summary judgment filings will comply with all aspects of Local Rule 56. Absent prior court approval, Defendants' statement of material facts shall not exceed sixty (60) paragraphs. Any additional statement of material facts by Plaintiff shall not

exceed thirty (30) paragraphs.  The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a statement of material facts.  Absent a specific citation, the Court has no duty to consider any part of the record submitted.  To the extent any party will rely on a page of the joint record for a specific citation, the Court encourages the parties to use the "PageID #" generated by CM/ECF, particularly if the alternative pin citation may not be readily apparent to the Court.

With respect to the prior Scheduling Order deadlines (ECF Nos. 85 & 92), the Court acknowledges that there may be a Phase II discovery period and another round of dispositive motions depending on the Court's ruling on the Defendants' joint motion for summary judgment.  Therefore, counsel should anticipate a telephone conference with the Court to set deadlines for Phase II of this matter, if Defendants' joint motion for summary judgment is denied in whole or in part.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 5th day of October, 2020.