UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS FRANCHINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket no. 1:18-cv-00015-GZS |
| ) | |
| BANGOR PUBLISHING CO. INC., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO AMEND**

Before the Court is Plaintiff's Motion to Amend (ECF No. 151). Via this Motion, Plaintiff seeks an opportunity to correct a portion of his briefing on Defendants' pending Motion for Summary Judgment (ECF No. 138), and also belatedly seeks to expand the number of paragraphs allowed in his Additional Statement of Material Facts (ECF No. 145) from thirty paragraphs to forty paragraphs. Defendants have jointly opposed Plaintiff's Motion to Amend claiming the filing errors Plaintiff seeks to rectify reflect inexcusable neglect. As explained herein, the Court GRANTS Plaintiff's Motion.

First, invoking Federal Rule of Civil Procedure 56(e)(1), Plaintiff seeks an opportunity to properly address Defendants' Statement of Material Facts (ECF No. 138-1). While District of Maine Local Rule 56(c) requires a party opposing a motion for summary judgment to admit, deny, or qualify each separately numbered paragraph of the supporting statement of material facts, Plaintiff did not comply with this requirement. As Defendants point out, counsel's failure to comply with Local Rule 56(c) followed this Court holding a conference of counsel and issuing a post-conference procedural order specifically calling on the parties to comply "with all aspects of

Local Rule 56." (10/5/20 Order (ECF No. 125), PageID # 771.) Nonetheless, Plaintiff's counsel apparently only realized that he neglected to properly respond to Defendants' Statement of Material Facts (ECF No. 138-1) upon receipt of Defendants' Reply (ECF No. 147). In this Reply, Defendants correctly asserted that Plaintiff's failure to deny or qualify any of Defendant's fifty-nine statements of material fact allowed the Court to deem Defendants' supported facts admitted in accordance with Federal Rule of Civil Procedure 56(e)(2) and Local Rule 56(f). (See Defs. Reply (ECF No. 147), PageID # 3305-06.) Upon reviewing Defendants' Reply and realizing his error, Plaintiff's counsel promptly communicated with opposing counsel and filed the Motion to Amend. (See Pl. Ex. A (ECF No. 152), PageID #s 3363-71.)

Having reviewed the briefing filed to date and considered the entire procedural history of this action and the interests of justice, the Court concludes it is appropriate to allow Plaintiff to file a proper response to the fifty-nine paragraphs in Defendants' Statement of Material Facts (ECF No. 138-1). In the Court's assessment, allowing such a response will ultimately facilitate a decision on the merits, rather than a decision that rests on the procedural neglect of Plaintiff's counsel. To be clear, counsel for Plaintiff shall use Defendants' Reply Statement of Material Facts (ECF No. 148) as an exemplar for formatting his response. Specifically, Plaintiff shall include the full text of each numbered statement from Defendants' Statement of Material Facts and then include his response underneath. Each response "shall begin with the designation 'Admitted,' 'Denied,' or 'Qualified' . . ." D. Me. L. R. 56(c). If a particular paragraph is admitted, no additional explanation or citation will be considered by the Court. See id. ("[I]n the case of an admission, [the response] shall end with such designation.") In providing the required citation to

a specific page of the record, Plaintiff shall be limited to the materials already on the docket.[1] Likewise, Plaintiff is not permitted to submit any additional statements with this filing. Rather, the Court will consider only the additional statements of material fact already submitted as part of Plaintiff's January 21, 2021 filings. (See Pl. SMF (ECF No. 145).)

To the extent that Plaintiff's Motion to Amend also belatedly seeks leave to exceed the statement of material fact limits previously set by the Court and thereby allow the Court to consider the nine additional paragraphs previously included in Plaintiff's Statement of Material Facts (ECF No. 145), the Court will grant this request and thereby overrule the initial objection Defendants asserted in response to these additional statements. (See Defs. Reply SMF (ECF No. 148), PageID #s 3342-48.)

As explained herein, Plaintiff's Motion to Amend (ECF No. 151) is GRANTED. In accordance with the instructions provided herein, Plaintiff shall respond to Defendants' fifty-nine paragraph Statement of Material Facts **on or before March 3, 2021**. Upon review of Plaintiff's filing, Defendants may choose to rest on their existing papers. Alternatively, Defendants may substitute or supplement their Reply (ECF No. 147) **on or before March 12, 2021**. Any supplemental brief shall not exceed seven pages.

SO ORDERED.

                                         /s/ George Z. Singal
                                         United States District Judge

Dated this 23rd day of February, 2021.

---

[1] To be clear, the Court and Defendants consider Plaintiff's three previously submitted declarations (ECF Nos. 142, 143 & 144) part of the summary judgment record. However, unless specific portions of those declarations are cited in a statement of material fact, the Court has no duty to consider these declarations. See D. Me. L.R. 56(f).