## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| THOMAS FRANCHINI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket no. 1:18-cv-00015-GZS ) |
| BANGOR PUBLISHING CO., INC., et al., | ) ) |
| Defendants. | ) ) ) |

## ORDER ON PENDING MOTION

Before the Court is the Motion for Relief from Stay and for Entry of Summary Judgment (ECF No. 182) by Defendant Investor's Business Daily, Inc. ("IBD"). Plaintiff filed an expedited response (ECF No. 183), which opposed lifting the stay. On June 7, 2022, the Court also provided counsel an opportunity to supplement their arguments during a telephonic status conference. Having considered all of the arguments presented, the Court now GRANTS Defendant's Motion (ECF No. 182).

As to the stay, the Court is satisfied that the interests of justice, including the desire to avoid further delay and piecemeal litigation, are best served by lifting the stay and considering whether IBD is entitled to judgment as a matter of law given the record that has been placed before this Court.

Turning to the issue of summary judgment on Count 4, IBD argues that it is entitled to summary judgment under the law of the case doctrine. Specifically, IBD asks this Court to apply its September 3, 2021 Order on Joint Motion for Summary Judgment (ECF No. 164) to Count 4 and thereby conclude that IBD is entitled to summary judgment on Plaintiff's claim that he was

defamed by IBD's December 22, 2017 publication of an article titled, "VA Negligence is Killing Veterans."

"The essence of the law of the case doctrine is the notion that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Daumont-Colon v. Cooperativa de Ahorro y Credito de Caguas, 982 F.3d 20, 26 (1st Cir. 2020) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)).  In this case, the Court has decided as a matter of law that Dr. Franchini attained limited public figure status prior to 2017.  See Franchini v. Bangor Publ'g Co., 560 F. Supp. 3d 312, 330-32 (D. Me. 2021).  As a result, the Court ruled that he could not state a trialworthy defamation claim in the absence of any plausible allegation of actual malice.  See id. at 326 & 333.  In the Court's view, these legal conclusions apply with equal force to IBD's publication and entitle IBD to summary judgment on Count IV.[1]

Therefore, with IBD now before this Court following the First Circuit's limited remand (ECF No. 171) and the stay lifted, the Court GRANTS IBD's renewed request for summary judgment for the same reasons already stated in the Court's September 3, 2021 Order on Joint Motion for Summary Judgment.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 8th day of June, 2022.

---

[1] The Court notes that Plaintiff has offered no objection to IBD's argument that law of the case doctrine is applicable to this situation either in his written response or during the conference.